STAR-KIST FOODS, Inc., and
STAR-KIST SAMOA, Inc., Appellants

v.

THE M/V CONQUEST, SECURITY PACIFIC
GHC REID, Inc., SAN DIEGO HELICOPTER,
Inc., and GOLDEN GLOW, Inc., Appellees

High Court of American Samoa
Trial Division

AP No. 13-85

October 15, 1987

Before REES, Chief Justice.

Counsel: For Appellants, Togiola T.A. Tulafono
For Appellee  Security Pacific National
Bank, Roy J.D. Hall,  Daniel Minteer,
and Lillick McHose & Charles

On request  to  reappoint  members  of  appellate
division panel:

The appellate case in  which this  request was
filed was  decided over  a year  ago, in June 1986.
The Appellate Division in  that  case  reversed the
decision of  the trial  court and remanded the case
for  a  new  decision  in  accordance  with certain
instructions.

The  trial  judge  whose  decision  had  been
reversed,  former  Chief  Justice  Gardner,  was no
longer a  member of  the High Court by the time the
Appellate Division remanded the case.  The case was
therefore heard on remand by the new Chief Justice,
the author of the present opinion.  On  remand the
trial  court  reached  the  same  result  as  had

originally been reached by Chief Justice Gardner, although for different reasons

Obviously, the trial court, on remand believed its decision was consistent with applicable law including the instructions of the Appellate Division, which had rejected Chief Justice Gardner's reasoning but had not indicated any dissatisfaction with the result he had reached. The appellants disagree, and not only have appealed the decision on remand (AP No. 11-87) but also have filed a "Motion to Vacate and Set Aside the Decision and Order on Remand and Compelling Compliance With Appellate Court Order of 6/25/86." They have styled this motion as a motion in AP No. 13-85, the original appeal of Chief Justice Gardner's decision, rather than in AP No. 11-87, their appeal from the decision on remand. Finally, they have written a letter to the present writer (in his administrative capacity as Chief Justice rather than in his judicial capacity as the author of the opinion on remand) requesting the reappointment of the panel that decided the June 1986 appeal. This would entail the reappointment of two Acting Associate Justices who were appointed for a session during March of 1986. It would also entail the appointment of former Associate Justice Murphy, who has resigned from the High Court, as an Acting Associate Justice for the purpose of hearing the motion.

This request must be denied. It happens frequently in courts throughout the world that appellate courts remand decisions to trial courts and that the decision on remand is appealed. In the process, the original trial judge or one or more of the appellate judges might have left the bench. There is no right to a new trial or a new appeal before the same judge or judges that heard the original trial or appeal. In this case the administrative inconvenience of reassembling the panel would be substantial. The Chief Justice would have to make a special request to the Secretary of the Interior. Experience has shown that such requests must invariably be followed by numerous overseas telephone calls to various other Interior Department officials. Successful requests for the appointment of Acting Associate Justices involve the filling out of many forms and the expenditure of funds charged against the High Court budget, even if the judges would have been personally willing to waive any reimbursement. In

43

any event, for reasons unrelated to this case it seems unlikely that a request by the Chief Justice for appointment of the particular panel requested by appellants would have received favorable consideration from the Department of the Interior.

The "Motion to Vacate" will automatically be presented to the next regular appellate session, whose members have now been appointed by the Secretary. (As it happens, one of the members of the appellate panel is Judge Samuel P. King, who was a member of the panel whose reappointment was requested by appellants and who was the author of the opinion with whose instructions the appellants contend the trial court failed to comply.)